IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01726-BNB

RUBEN ARAGON,

      Plaintiff,

v.

RABBI ROSSKAMM ERLANGER,
CAPTAIN GUY EDMONDS,
LT. JEFFREY HILL, and
SGT. MITCHELL BUTTERFIELD,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Ruben Aragon, is a prisoner in the custody of the Colorado Department of Corrections at the Buena Vista Correctional Complex in Buena Vista, Colorado.  Mr. Aragon has filed *pro se* a Prisoner Complaint (ECF No. 1) claiming his rights under the United States Constitution and the Religious Land Use and Institutionalized Persons Act have been violated.  He seeks damages as well as declaratory and injunctive relief.

The court must construe the Prisoner Complaint liberally because Mr. Aragon is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. Aragon will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

The court has reviewed the Prisoner Complaint and finds that the Prisoner

Complaint does not comply with the pleading requirements of Rule 8 of the Federal

Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing

parties fair notice of the basis for the claims against them so that they may respond and

to allow the court to conclude that the allegations, if proven, show that the plaintiff is

entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American*

*Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of

Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications*

*Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d

1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1)

a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and

plain statement of the claim showing that the pleader is entitled to relief; and (3) a

demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1),

which provides that "[e]ach allegation must be simple, concise, and direct."  Taken

together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity

by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Aragon fails to provide a short and plain statement of his claims showing that

he is entitled to relief because he fails to allege clearly and concisely how each

Defendant personally participated in the asserted violations of his rights.  To the extent

Mr. Aragon is asserting § 1983 claims against Defendants in their individual capacities,

"personal participation in the specific constitutional violation complained of is essential."

*Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011).  Mr. Aragon's repetitive and

conclusory allegations that Defendants conspired to violate his constitutional rights is

not sufficient to demonstrate personal participation by each named Defendant.

Therefore, Mr. Aragon will be ordered to file an amended complaint.  For each claim he asserts in the amended complaint, Mr. Aragon "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  "It is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957). Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Aragon file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Aragon shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Aragon fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED July 2, 2013, at Denver, Colorado.

BY THE COURT:


*s/Craig B. Shaffer*
United States Magistrate Judge