IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 13-cv-01726-RBJ-BNB

RUBEN ARAGON,

    Plaintiff,

v.

HILLEL ERLANGER,[1]
GUY EDMONDS,
MITCHELL BUTTERFIELD,
RHONDA FUNSTON, and
JEFFREY HILL,

    Defendants.

## ORDER ADOPTING AND AFFIRMING MAY 5, 2014 RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the April 30, 2014 Recommendation [ECF No. 51] of Magistrate Judge Boyd N. Boland that the Court grant in part and deny in part the two motions to dismiss filed by the defendants. [ECF Nos. 30 and 34.] The Recommendation is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

The Recommendation advised the parties that specific written objections were due within fourteen (14) days after being served with a copy of the Recommendation. [ECF No. 51 at 17 n.5.] Despite this advisement, 32 days have passed since the magistrate judge issued the recommendation, and neither party has filed an objection. "In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*,

---

[1] This defendant's name previously appeared as Rosskamm Erlanger. The Court has since been advised that his first name is in fact Hillel, and the docket sheet has been changed accordingly.

474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings")).

The Court has reviewed all of the relevant pleadings concerning the motions to dismiss and the Recommendation. Based on this review, the Court concludes that the magistrate judge's very thorough analysis and recommendations are correct, and that "there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note. Therefore, the Court ADOPTS the Recommendation as the findings and conclusions of this Court.

Accordingly, it is ORDERED that the Recommendation of United States Magistrate Judge [ECF No. 51] is ACCEPTED and ADOPTED. It is further ORDERED that defendants' motions to dismiss [ECF Nos. 30 and 34] are GRANTED IN PART and DENIED IN PART:

(1) GRANTED WITH PREJUDICE to the extent they seek dismissal of all claims against defendants in their official capacities;

(2) GRANTED WITH PREJUDICE insofar as they seek to dismiss the RLUIPA claims;

(3) GRANTED WITHOUT PREJUDICE to the extent they seek dismissal of Claim Two against defendant Edmonds;

(4) GRANTED WITH PREJUDICE to the extent they seek dismissal of Claim Four against defendant Funston for the kitchen violations and Claim Five against defendant Hill;

(5) DENIED insofar as they seek dismissal of Claim One against defendant Erlanger; Claim Four against defendant Funston for causing the plaintiff to miss Passover; and Claim Three against defendant Butterfield;

(6) GRANTED WITHOUT PREJUDICE insofar as they seek dismissal of the plaintiff's

request for compensatory damages as barred by the Prison Litigation Reform Act ("PLRA");[2] and

(7) DENIED as premature insofar as they seek dismissal of the plaintiff's request for punitive damages.[3]

Further, the Court hereby orders that the plaintiff's claims for declaratory and injunctive relief are DISMISSED as moot.

DATED this 2nd day of June, 2014.

BY THE COURT:

*[signature: Brooke Jackson]*

R. Brooke Jackson
United States District Judge

---

[2] Even though the plaintiff may not seek compensatory damages without alleging a physical injury, he will be entitled to nominal damages should it be found that his rights have been violated. *Searles v. Van Bebber*, 251 F.3d 869, 879 (10th Cir. 2001).

[3] "[A]s a general rule, punitive damages may be recovered for constitutional violations without a showing of compensable injury." *Searles*, 251 F.3d at 880. In particular, the PLRA does not bar recovery of punitive damages even when a prisoner is otherwise barred from seeking compensatory damages. *Id.* at 880–81.